(December 15, 1964)

■ JACK LONDON PRODUCTIONS, INC., Appellant, v. SAMUEL BRONSTON PRODUCTIONS, INC., Defendant, and SAMUEL BRONSTON, Respondent.— Order, entered on October 30, 1964, denying appellant judgment creditor's motion to punish respondent judgment debtor for contempt and for other relief and grant-ing respondent's cross motion for a protective order, unanimously modified, on the law and on the facts and in the exercise of discretion, as hereinafter indicated, and as so modified, affirmed, with $30 costs and disbursements to appellant. Interrogation of a judgment debtor concerning the amount and sources of his funds is of course proper and no adequate reason is presented for exempting respondent from such interrogation. He should therefore answer questions directed to his borrowings, the sources thereof and the disposition of the proceeds, and the examination should be resumed. Upon completion of the examination appellant may renew its motion to punish respondent for contempt. At such time, where the entire record of examination will be available, charges if any of false swearing and violation of the restraining notice may be considered. Respondent should also be required to execute appropriate instruments enabling the Sheriff to realize on respondent's right, title and interest in the stocks of Samuel Bronston Productions, Inc., Bronston Distributions, Inc., Marco Commercial Corporation and Navalperal S. A., and in any funds on deposit for account of respondent with Banco Commerciale Italiana. Respondent's objection that his equities in the stocks will prove valueless is not well taken; and on the present record it appears that a deposit for respondent's account with the bank above named was made, although allegedly withdrawn. Settle order on notice fixing date for examination to proceed. Concur — Botein, P. J., Breitel Valente, Stevens and Eager, JJ.

■ FELIPE MORALES, Respondent, and LOUIS M. MORALES, Individually, and as Guardian ad Litem of MICHAEL MORALES, an Infant, et al., Respondents-Appellants, v. HELMUT ROTHKE et al., Appellants.— Judgment in favor of Felipe Morales and Louis Morales unanimously reversed on the facts and the law, and the complaint, insofar as these plaintiffs are concerned, dismissed, with $50 costs against them, and judgment in all other respects affirmed. Plaintiffs Felipe and Louis Morales were among several passengers in defendant Saralequi's automobile. Saralequi was driving on the Brooklyn-Queens Expressway after dark on a rainy evening. He stopped the car alongside the island that separates the east and westbound traffic, in order to fix a tire. He sent one of his passengers, Alberto Morales, back along the roadway with a flashlight to warn oncoming traffic. Louis and Felipe went with their brother and stood on the island. After some moments, Louis and Felipe decided to see if Saralequi needed any help. They left their position on the island and proceeded to walk in the roadway, with their backs to the oncoming traffic. While so doing, they were struck by the defendant Rothke's car, which almost immediately thereafter struck the Saralequi car. The action of plaintiffs Louis and Felipe Morales in walking in the roadway of a very busy highway with their backs to the oncoming traffic on a dark and rainy evening when there was a safe and convenient means of reaching their destination was negligence as a matter of law. That this negligence contributed to the happening of the accident is indisputable. Settle order on notice. Concur — Rabin, J. P., McNally, Eager, Steuer and Witmer, JJ.